1   NINA F. LOCKER, State Bar No. 123838
    Email: nlocker@wsgr.com
2   STEVEN GUGGENHEIM, State Bar No. 201386
    Email: sguggenheim@wsgr.com
3   JONI OSTLER, State Bar No. 230009
    Email: jostler@wsgr.com
4   WILSON SONSINI GOODRICH & ROSATI
    Professional Corporation
5   650 Page Mill Road
    Palo Alto, CA 94304-1050
6   Telephone:  (650) 493-9300
    Facsimile:   (650) 565-5100
7
    Attorneys for Defendants Juniper Networks, Inc.,
8   Robert M. Calderoni, Lloyd Carney, Robert R.B.
    Dykes, Kenneth A. Goldman, Vinod Khosla,
9   Ashok Krishnamurthi, Kenneth Levy, Scott
    Kriens, Stratton Sclavos, Pradeep Sindhu, Peter
10  Wexler, Marcel Gani, William R. Hearst III, and
    William R. Stensrud

11              UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13                   SAN JOSE DIVISION

14

15  In re JUNIPER DERIVATIVE ACTIONS        )   No. 5:06-cv-03396-JW
    _____)
16                                          )   JOINT CASE MANAGEMENT
    This Document Relates To:               )   STATEMENT AND [PROPOSED] ORDER
17                                          )
           ALL ACTIONS.                     )
18  _____)

19

20

21

22

23

24

25

26

27

28

1   Pursuant to Civil Local Rule 16-10(d) and this Court's Standing Order, the parties to the

2   above-entitled action jointly submit this Case Management Statement Conference for the Case

3   Management Conference scheduled on September 10, 2007.

4   **1.   Description of Procedural Status of the Case**

5   On May 24, 2006, plaintiff Timothy W. Hill filed a shareholder derivative action on

6   behalf of Juniper Networks, Inc. ("Juniper" or the "Company") asserting claims against certain

7   of the Company's current and former officers and directors ("defendants").  Subsequently, six

8   additional plaintiffs filed related stockholder actions.  In Orders dated July 14, 2006, August 11,

9   2006, and September 1, 2006, the Court deemed the six additional actions related and ordered the

10  cases reassigned to this Court.

11  By Order dated October 19, 2006, the Court consolidated the seven related actions,

12  appointed Hill, Employer-Teamsters Local Nos. 175 & 505 Pension Trust Fund, and Indiana

13  State District Council of Laborers and HOD Carriers Pension Fund Lead Plaintiffs, and

14  appointed Lerach Coughlin Stoia Geller Rudman & Robbins LLP and Schiffrin Barroway Topaz

15  & Kessler, LLP Lead Counsel.  The Plaintiffs filed a Consolidated Complaint on April 11, 2007.

16  On June 8, 2007, the parties stipulated to a temporary stay of this action to allow time to

17  conduct settlement discussions and/or mediation.  By Order dated June 12, 2007, the Court

18  granted the requested stay.  The parties currently have a meeting planned for September 11,

19  2007.  Accordingly, the parties propose that the temporary stay in this case be continued to allow

20  the parties additional time to conduct settlement discussions, and that the parties shall continue to

21  meet and confer, and confer with the Court, to set a further case management conference in

22  November 2007 to revisit the status of the case.

23  **2.   Jurisdiction and Service**

24  Service or waivers of service have been effectuated as to all defendants.  At this time,

25  there are no factual issues as to personal jurisdiction or venue that remain unresolved.

26

27

28

**3.      Events at issue.**

**Plaintiffs' Position**:

This is a shareholders' derivative action brought on behalf of Juniper against certain of its present and former officers and directors for alleged breaches of fiduciary duties, unjust enrichment, breaches of California Corporations Code § 25402, and violations of § 10(b), Rule 10b-5, § 14(a), and § 20(a) of the 1934 Securities and Exchange Act in connection with Juniper's allegedly improper granting of and accounting for stock options.  Plaintiffs allege that the defendants allowed Juniper insiders to divert millions of dollars of corporate assets to themselves via the manipulation of the grant dates associated with options awarded to insiders to purchase millions of shares of Juniper stock—a scheme referred to as "backdating."

On August 10, 2006, Juniper disclosed in a Form 8-K filed with the Securities and Exchange Commission ("SEC") that it has preliminarily concluded that "the actual measurement dates for financial accounting purposes of certain stock option grants issued in the past differ from the recorded grant dates" of the stock options.  As a result, Juniper announced that the Company will need to restate historical financial statements and that financial statements and all earnings press releases issued by the Company on or after January 1, 2006 can no longer be relied upon.

**Defendants' Position**:

Nominal Defendant Juniper maintains that plaintiffs do not have standing to assert claims on the Company's behalf.  The defendants deny plaintiffs' allegations and maintain that they did not engage in any wrongdoing and did not breach any fiduciary duties.

**4.      Principal Factual Issues in Dispute**

Plaintiffs allege that the defendants breached their fiduciary duties and violated the Exchange Act by improperly misdating certain grants of Juniper stock options made to themselves and others.  Plaintiffs allege that the defendants knew of and/or benefited from the misdated options and were unjustly enriched by their receipt thereof.  Plaintiffs further allege that Juniper will suffer additional financial loss in the form of investigation and restatement

1  costs, increased financing costs, adverse tax consequences and revenue losses.  Plaintiffs allege

2  that no pre-suit demand is necessary because such a demand is futile.

3          Nominal defendant Juniper denies plaintiffs' allegations and maintains that plaintiffs do

4  not have standing to assert claims on the Company's behalf.  The defendants deny plaintiffs'

5  allegations and maintain that they did not engage in any wrongdoing and did not breach any

6  fiduciary duties.

7          **5.      Principal Legal Issues in Dispute**

8          The parties assert that the principal legal issues currently in dispute are: (a) whether

9  plaintiffs have standing to pursue this action on behalf of Juniper; (b) whether any of the claims

10  asserted are barred by the applicable limitation periods; (c) whether the defendants breached

11  their fiduciary duties or were unjustly enriched; (d) whether any defendant violated Sections

12  14(a), 10(b) or 20(a) of the Securities Exchange Act of 1934; (e) whether Juniper was damaged

13  as a result of material misrepresentations and omissions in Juniper's SEC filings; (f) whether the

14  defendants by virtue of their positions and actions had the power and influence to cause Juniper

15  to engage in illegal conduct; and (g) whether Juniper is entitled to damages and/or equitable

16  relief as a result of defendants' alleged misconduct.

17          **6.      Motions**

18          There are currently no pending motions.  In the event settlement discussions fail,

19  defendants anticipate filing motion(s) to dismiss.

20          **7.      Amendment of Pleadings**

21          As referenced above, plaintiffs filed their Verified Consolidated Shareholders Derivative

22  Complaint on April 11, 2007.  No further amendments of the complaint are anticipated at this

23  time.  Defendants have not yet filed a responsive pleading due to the parties' mutual agreement

24  to stay the case pending settlement discussions.

25          **8.      Evidence Preservation**

26          The parties have taken reasonable steps to preserve evidence relevant to the issues

27  reasonably evident in this action.

28

**9.      Disclosures/Discovery**

By Order dated April 30, 2007 the Court stayed discovery in this action pending defendants' anticipated motion to dismiss.  By stipulation and Order dated June 12, 2007, the Court temporarily stayed this action to allow the parties time to conduct settlement discussions.  As referenced above, those settlement discussions are ongoing and the parties have a meeting scheduled for September 11, 2007.

**10.      Related Cases**

On August 21, 2007, another identical derivative action was filed in the Northern District of California by plaintiff Arlee C. Gowen derivatively on behalf of Juniper, *Gowen v. Kriens, et al.,* Case No. C 07-04298-RS.  The plaintiff Arlee C. Gowen is represented by Coughlin Stoia Geller Rudman & Robbins LLP.  The parties agree that this action should be deemed related to this action and transferred to the Honorable Judge Ware.  The parties also agree that the *Gowen* case should be consolidated with this action.

**11.      Relief Sought**

The plaintiffs seek both damages and equitable relief on behalf of Juniper.  Specifically, the complaint seeks an accounting, a constructive trust over defendants' stock options and proceeds derived therefrom, changes to corporate governance and internal controls, attorneys' fees and other costs and disbursements in this action, and money damages on behalf of Juniper. The parties respectfully submit that a computation of damages in this matter is premature.

**12.      Settlement and Alternative Dispute Resolution**

The parties respectfully submit that it is premature to submit this matter for Alternative Dispute Resolution.  At this time, the parties still plan to conduct their own independent settlement discussions.

**13.      Consent to Assignment to a United States Magistrate Judge for Trial / Other References**

The parties do not consent to assignment of this case to a United States Magistrate Judge and do not believe this case is suitable for to binding arbitration, special master, or the Judicial Panel on Multidistrict Litigation.

**14.    Disclosure of Non-party Interested Entities or Persons**

Defendants filed an updated disclosure statement pursuant to Civil Local Rule 3-16 and Rule 7.1 of the Federal Rules of Civil Procedure on April 23, 2007.

**15.    Remaining Items**

The parties respectfully submit that, in light of the discussion above regarding the parties' intention to conduct settlement discussions, the remaining items that are normally included in Joint Case Management Statements (pursuant to the Standing Order for All Judges of the Northern District of California for Contents of Joint Case Management Statements) are premature at this time.

The parties propose that the temporary stay in this case be continued to allow the parties additional time to conduct settlement discussions, and that the parties shall continue to meet and confer, and confer with the Court, to set a further case management conference in November 2007 to revisit the status of the case.

Dated:  September 4, 2007

WILSON SONSINI GOODRICH & ROSATI
NINA F. LOCKER
STEVEN GUGGENHEIM
JONI OSTLER

_____/s/ Joni Ostler_____
JONI OSTLER

Attorneys for Nominal Defendant Juniper Networks, Inc., and Defendants

*I, Joni Ostler, am the ECF user whose ID and password are being used to file this Joint Case Management Statement.  In compliance with General Order 45, X.B., I hereby attest that Travis E. Downs III has concurred in this filing.*

Dated:  September 4, 2007

COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
TRAVIS E. DOWNS III
BENNY C. GOODMAN III
THOMAS G. WILHELM

_____/s/ Travis E. Downs III_____
TRAVIS E. DOWNS III

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SHAWN A. WILLIAMS
MARIA V. MORRIS
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

Attorneys for Plaintiffs Employer-Teamsters
Local Nos. 175 & 505 Pension Trust Fund and
Indiana State District Council of Laborers and
HOD Carriers Pension Fund

    *I, Joni Ostler, am the ECF user whose ID and password are being used to file this Joint Case Management Statement.  In compliance with General Order 45, X.B., I hereby attest that Robin Winchester has concurred in this filing.*

Dated:  September 4, 2007          SCHIFFRIN BARROWAY TOPAZ & 
                         KESSLER, LLP
                         ERIC L. ZAGAR
                         ROBIN WINCHESTER
                         JAMES A. MARO

                                  /s/ Robin Winchester
                            ROBIN WINCHESTER

280 King of Prussia Road
Radnor, PA 19087
Telephone: 610/667-7706
610/667-7056 (fax)

Attorneys for Plaintiff Timothy W. Hill

**ORDER PURSUANT TO STIPULATION:**

    To facilitate the parties' settlement discussions, the Court continues the current STAY in the above entitled case.  At this time, the Court exempts this case from the Court's ADR program as the parties are conducting their own independent settlement discussions.  *This is the parties' last continuance*.  The Court sets a Further Case Management Conference for **November 5, 2007 at 10 AM**.  The case is STAYED to November 5, 2007.  The parties shall file a Joint Case Management Statement no later than ten (10) days before the date of the conference.

Dated:  September 11, 2007          _____

                                JAMES WARE
                              United States District Judge