UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE JUNIPER NETWORKS, INC. SECURITIES LITIGATION | Case No.: C 06-4327 JW (PVT) |
| | Case No.: C 08-00246 JW (PVT) |
| | **ORDER Re Allocation of Time Among the Parties for Deposition Questioning** |
| THE NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM, et al., | |
| Plaintiffs, | |
| v. | |
| LISA C. BERRY, | |
| Defendant. | |

On October 2, 2009, this court issued an order denying a motion for protection regarding numerous upcoming depositions in which the court directed the parties to contact the court for a telephone hearing if they could not agree on allocation of time for any of the depositions at issue. On October 5, 2009, the parties contacted the court regarding the allocation of deposition hours. Based on the discussions at the hearing,[1]

---

[1] Just 18 minutes before the telephone hearing counsel for Plaintiffs filed a declaration attaching some meet and confer communications between counsel for the parties. No one informed the court of the last minute filing, and thus it was not seen by the court before the telephone conference.

ORDER, *page 1*

1    IT IS HEREBY ORDERED that the time limit for the deposition of Scott Kriens shall go
2  forward on October 7 & 8, 2009, and that it is extended to 10.5 hours.  In the event the Juniper
3  Defendants and Ernst & Young finish their questioning in less than 10.5 hours, the remainder will be
4  reserved for questioning by Defendant Berry.

5    IT IS FURTHER ORDERED that the parties shall meet and confer regarding a date for
6  Defendant Berry's counsel to question Scott Kriens.  Because discovery was stayed in the Berry
7  action until September 24, 2009, her counsel was not involved in the scheduling of the deposition
8  and has not yet prepared to question Kriens.  In the event the Juniper Defendants and Ernst & Young
9  use all of the deposition time allotted above, Defendant Berry may seek leave for additional time to
10 question Kriens.  Any inefficiencies in questioning by the other Defendants will not be held against
11 Defendant Berry in any such motion.

12   IT IS FURTHER ORDERED that, for now, the presumptive limit of 7 hours applies to all of
13 the other remaining depositions absent leave of court for additional time.  The court fully intends to
14 allow each party a fair opportunity to question each deponent.  For some deponents, such as
15 Mr. Kriens, the 7 hour presumptive limit is insufficient, and thus additional time is warranted.
16 Nonetheless, the court expects each questioning party to use deposition time efficiently in all of the
17 depositions.

18   The court also expects the non-questioning counsel to refrain from causing any unnecessary
19 delays in any of the depositions.  Toward that end, all counsel shall refrain from engaging in
20 speaking objections or engaging in other unnecessary colloquy.  All objections to the form of a
21 question shall be made on the record by stating "objection, form."  Deposing counsel may ask for
22 clarification of the objection if he or she so chooses.  Otherwise, counsel defending the deposition
23 shall make no further statement about the pending question, nor ask the deposing attorney for
24 clarification.  However, the deponent may ask for clarification of any question if, in good faith, he or
25 she does not understand any portion of it.  Repeated requests for clarification interposed for the
26 purpose of obstructing the deposition may result in sanctions.  If a question calls solely for privileged
27 information, counsel defending the deposition may instruct the witness not to answer by stating
28 "objection, privilege, I instruct the witness not to answer."  If the full response to a question might

include both privileged and unprivileged information, counsel shall state the objection by saying "objection to the extent the question calls for privileged information," and the deponent shall provide only the unprivileged information, if any. Any objections on the grounds of relevance are preserved for trial and shall not be stated on the record at a deposition. Any other objections shall be made by stating "objection" and citing the section number of the applicable Federal Rule of Evidence, without further discussion.

IT IS FURTHER ORDERED that the party who noticed a deposition shall conduct their questioning first, followed by any cross-examining parties. *See* FED.R.CIV.PRO. 30(c)(1)("The examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence... .").

IT IS FURTHER ORDERED that this order is without prejudice to any party filing a motion for additional deposition time if reasonably necessary. This order is also without prejudice to any deponent or other affected party moving for a protective order in the event it appears any questioning party is not being reasonably efficient in the use of the deposition time. In order to make such a motion, the deponent or other party may call for a break from the deposition to contact chambers (408-535-5434) to request a telephone hearing. Any such motion must be supported by a strong showing (which may be made by means of having pertinent portions of the questions and answers read back by the court reporter) that the questioning counsel is not being reasonably efficient with his or her questioning.

IT IS FURTHER ORDERED that, with regard to the depositions scheduled for October 16, 2009, counsel shall meet and confer to determine if the schedule of Defendant Berry's counsel can be accommodated. However, barring agreement of all parties or order of the court to the contrary, the depositions shall go forward as currently scheduled.

Dated: *10/5/09*

PATRICIA V. TRUMBULL
United States Magistrate Judge