UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE JUNIPER NETWORKS, INC. SECURITIES LITIGATION | Case No.: C 06-4327 JW (PVT) |
| | Case No.: C 08-00246 JW (PVT) |
| THE NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM, et al., <br><br> Plaintiffs, <br><br> v. <br><br> LISA C. BERRY, <br><br> Defendant. | **ORDER R**E **P**ARTIES' **M**ID-**D**EPOSITION **D**ISPUTE **R**EGARDING **T**HIS **C**OURT'S **P**RIOR **O**RDER RE **A**LLOCATION OF **T**IME **A**MONG THE **P**ARTIES FOR **D**EPOSITION **Q**UESTIONING |

On October 9, 2009, the parties appeared by telephone before Magistrate Judge Patricia V. Trumbull for hearing on a dispute which arose at the beginning of the deposition of William Strensrud regarding the allocation of time between the parties for the deposition. Based on the discussions during the hearing and the file herein,

IT IS HEREBY ORDERED that any party who wishes a court order specifically allocating time for any particular deposition shall file a motion for modification of this court's prior Order re Allocation of Time Among the Parties for Deposition Questioning (the "Prior Order"). Upon further

review of that order, it is clear that what the Juniper Defendants requested during today's telephone hearing was a modification of the Prior Oder rather than a clarification of the Prior Order. The Prior Order set a specific allocation of questioning time only for the deposition of Scott Kriens.[1] For all other deponents, the Prior Order requires that the party who noticed the deposition[2] shall finish questioning the deponent (other than any re-direct after cross-examination) before any questioning by other parties. *See* FED.R.CIV.PRO. 30(c)(1) ("The examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence... ."). This is so regardless of whether or not the noticing party uses the entire presumptive 7 hours of deposition time. In that event, any party, including the noticing party, may move for additional deposition time. If such additional time is reasonably necessary, the court will grant it. The Prior Order also specifically allows the parties and the deponents to seek a mid-deposition telephone conference in the event that a party or deponent believes a questioning party is not being reasonably efficient in the use of deposition time. This is a safeguard against the noticing party causing any undue burden of additional deposition time through misuse of the initial presumptive 7 hours. As the court cautioned, however, a strong showing of inefficiency will be required in any such motion.

IT IS FURTHER ORDERED that the parties and deponents are free to stipulate to a specific allocation of time for any particular depositions. The parties and deponents are also free to stipulate to additional deposition time. However, absent a stipulation of all parties and the deponent, the procedures and limits set by this court's orders govern. The fact that the procedures set by this court's orders may result in gaps between deposition days for some deponents may be unfortunate,[3]

---

[1] The court ordered a specific allocation of time for the Kriens deposition based on the stipulation that had already been reached by the parties to the *In re Juniper Networks* action with regard to this deposition, along with the representation by counsel for Defendant Berry that there was insufficient time for that Defendant to prepare to fully participate in that deposition.

[2] Defendants raise a specter of cross-notices of deposition being issued for future depositions, presumably in an attempt to jockey for preferential allocation of deposition time. In the event the parties engage in such cross-noticing of depositions in the future, the party who first sought to schedule the deposition will be deemed the "noticing party" for purposes of the Prior Order and this order).

[3] Although it can also be helpful in that it eliminates the burden on the deponent and all counsel of not knowing whether the deposition will continue for a second day, and instead allows the deponents and counsel to coordinate the scheduling for any such second day of deposition.

but it is necessary to allow adequate time for the parties to brief, and the court to decide, any requests for additional deposition time for those deponents.

Dated: *10/9/09*

PATRICIA V. TRUMBULL
United States Magistrate Judge