UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE JUNIPER NETWORKS, INC. SECURITIES LITIGATION | Case No.: C 06-4327 JW (PVT) |
| | Case No.: C 08-00246 JW (PVT) |
| ——————————————— | |
| THE NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM, et al., | **FURTHER INTERIM ORDER Re Parties' Mid-Deposition Dispute Regarding Assertion of Attorney-Client Privilege** |
| Plaintiffs, | |
| v. | |
| LISA C. BERRY, | |
| Defendant. | |

On October 15, 2009, the parties appeared by telephone before Magistrate Judge Patricia V. Trumbull for hearing on a dispute which arose during the deposition of Brienne Fisher regarding an instruction not to answer on grounds of privilege questions regarding what she told the Audit Committee of the Board of Directors of Juniper Networks, Inc. (the "Audit Committee") when it interviewed her. Based on the discussions during the hearing, the court continued the hearing to November 4, 2009, and solicited additional briefing to be submitted simultaneously by the parties on

October 27, 2009. The Audit Committee submitted a brief styled as a motion for protective order. Another arm of Defendant Juniper, the Special Litigation Committee of Juniper's Board of Directors (the "Special Litigation Committee"), also filed a motion for protective order, noting that the same issue had arisen regarding its interview of Fisher. The Juniper Defendants and non-party deponent Brienne Fisher filed joinders in the Audit Committee's brief. Lead Plaintiff submitted a brief styled as a motion to compel, which addressed only the interview by the Audit Committee, as that was the only interview that had been raised with the court during the mid-deposition dispute. Lead Plaintiff did, however, include another former Juniper employee, Mary Cole, in its brief because the same issue regarding an Audit Committee interview had arisen during her deposition.

On November 3, 2009, Lead Plaintiff filed an unauthorized additional declaration. Neither Defendants nor the Audit Committee objected to the declaration, and instead the Audit Committee filed a response to the declaration.

On November 4, 2009, counsel for the parties and Fisher again appeared by telephone before Magistrate Judge Patricia V. Trumbull, joined by counsel for the Audit Committee and the Special Litigation Committee. Based on the briefs and arguments submitted,

IT IS HEREBY ORDERED that the motion for protective order filed by the Special Litigation Committee is DENIED without prejudice to a properly noticed motion (along with a motion to shorten time, if necessary). The Special Litigation Committee's interview of Fisher was not the subject of the mid-deposition dispute presented to the court on October 15, 2009, and was not the subject of the briefing solicited by the court. If, after meeting and conferring with counsel for Lead Plaintiff, the Special Litigation Committee still finds it necessary to bring such a motion, Lead Plaintiff is entitled to notice and an adequate opportunity to oppose the motion.

IT IS FURTHER ORDERED that, no later than November 9, 2009, Lead Plaintiff and the Audit Committee may file simultaneous briefs and supporting declaration(s) regarding the issues of:

1) whether or not the substance of the Audit Committee's interview of Fisher was disclosed to any of Juniper's outside auditors;

2) whether Juniper has any joint defense agreement with Fisher, and if so, whether Fisher holds a privilege to preclude Juniper from disclosing to the government or any other third party the substance of the communications at the Audit Committee interview (*see, e.g., John Morrell & Co.*, 913 F.2d 544, 555-56 (8th Cir.1990) ("It is fundamental that the 'joint defense privilege

ORDER, *page 2*

cannot be waived without the consent of all parties to the defense.'") (citation omitted)).[2]

3) whether or not work product protection applies to statements Fisher made to the Audit Committee during its interview of her, including whether or not the interview was conducted "in anticipation of litigation;"

4) whether or not Juniper's failure to object on grounds of work product protection to deposition questions about the Audit Committee's interview of Fisher waived any such protection that otherwise would have applied; and

5) whether Lead Plaintiff has a "substantial need" for information regarding what Fisher told the Audit Committee.

Absent further order of the court, except as ordered herein no further briefs or declarations shall be filed regarding this mid-deposition dispute.

Dated: *11/4/09*

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[2] If Juniper and/or the Audit Committee contend the joint defense doctrine applies, it/they shall explain why the Audit Committee told Fisher at the interview that the holder of the privilege was the Audit Committee (*see* Hasson Declaration, ¶ 7) and that Juniper could waive the privilege (as represented during oral argument), and the effect of that warning on their claim now that the joint defense doctrine applies.